1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL C. BOLIN,                          No.  1:24-cv-00059-KES-SKO (HC)

12              Petitioner,                   ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS, DISMISSING
13                                            PETITION FOR WRIT OF HABEAS
                                              CORPUS, DECLINING TO ISSUE
14        v.                                  CERTIFICATE OF APPEALABILITY, AND
                                              DIRECTING CLERK OF COURT TO ENTER
15                                            JUDGMENT AND CLOSE CASE

16                                            Doc. 5

17   ON HABEAS CORPUS,
                                              ORDER GRANTING MOTION TO
18              Respondent.                   WITHDRAW MOTION TO VACATE

19                                            Docs. 11, 12

20

21        Petitioner Paul C. Bolin is a state prisoner proceeding pro se and in forma pauperis with a

22   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a

23   United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

24        On January 18, 2024, the assigned magistrate judge issued findings and recommendations

25   to dismiss the petition as successive.  Doc. 5.  Those findings and recommendations were served

26   upon all parties and contained notice that any objections thereto were to be filed within twenty-

27   one (21) days after service.  On February 5, 2024, petitioner filed objections to the findings and

28   recommendations.  Doc. 7.

                                              1

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

2    novo review of the case.  Having carefully reviewed the file, including petitioner's objections, the

3    Court concludes that the magistrate judge's findings and recommendations are supported by the

4    record and proper analysis.  The instant action is successive,[1] and petitioner did not obtain leave

5    from the Ninth Circuit before filing his petition, as required by 28 U.S.C. § 2244(b)(3)(A).

6    "When the AEDPA is in play, the district court may not, in the absence of proper authorization

7    from the court of appeals, consider a second or successive habeas application."  *Cooper v.*

8    *Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting *Libby v. Magnusson,* 177 F.3d 43, 45

9    (1st Cir. 1999)).  The Court must therefore dismiss the petition.

10    In his objections, petitioner contends that the magistrate judge erred by construing his

11    initial filing as a habeas corpus petition, and therefore, he argues, he did not have to seek leave

12    from the Ninth Circuit before filing this action.  Doc. 7 at 1–2.  Petitioner's argument is

13    unavailing.

14    The Ninth Circuit has explained that claims by prisoners that relate to their imprisonment

15    may be brought to federal court through two vehicles: a habeas corpus petition or a § 1983

16    complaint.  *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).  These two avenues for relief,

17    habeas and § 1983, are mutually exclusive.  *Id.* at 927–33.  A claim falls "within the core of

18    habeas corpus" whenever a favorable ruling on the claim would necessarily result in the

19    termination of custody or acceleration of the future date of release from custody.  *See id.* at 928–

20    30.  "[H]abeas [is the only] available [vehicle] for claims that seek 'invalidation (in whole or in

21    part) of the judgment authorizing the prisoner's confinement.'"  *Id.* at 929 (quoting *Wilkinson v.*

22    *Dotson*, 544 U.S. 74, 83 (2005)).

23    The petition asserts that the prosecutor and the state courts conspired to unlawfully

24    convict him and that their actions were criminal.  Doc. 1 at 1–3.  Petitioner concedes in his

---

[1]  Petitioner previously sought federal habeas relief in this Court with respect to the same conviction.  *See Bolin v. Chappell*, No. 1:99-cv-05279-LJO-SAB, 2016 WL 3213551 (E.D. Cal. June 9, 2016) (denied on the merits); *Bolin v. Kern County Superior Court*, No. 1:17-cv-00985-LJO-SAB (dismissed as successive); *Bolin v. On Habeas Corpus*, No. 1:18-cv-00692-LJO-SAB (dismissed as successive); *Bolin v. State of California*, No. 1:22-cv-00670-ADA-EPG (dismissed as successive).

1  objections that his petition alleges "fraud upon the [trial] court" and "forfeiture of jurisdiction,"

2  and that success in this action "would render and demand habeas relief." Doc. 7 at 2.  His

3  petition, too, asks the Court to "render [a] decision that . . . makes null and void [his] conviction

4  and sentence." Doc. 1 at 4.  It is patently clear that habeas is the exclusive vehicle for petitioner's

5  claims, and the magistrate judge therefore correctly construed his initial filing as a habeas

6  petition.

7        The Court notes that petitioner also filed a motion to vacate pursuant to 28 U.S.C. § 2255

8  on April 2, 2024.  Doc. 11.  He then filed a request to withdraw the motion to vacate on May 9,

9  2024.  Doc. 12.  As petitioner acknowledges, § 2255 applies to federal prisoners, not state

10  prisoners such as petitioner. *Id.* at 1.  The Court therefore grants petitioner's motion to withdraw

11  the motion to vacate.

12        Having found that petitioner is not entitled to habeas relief, the Court now turns to

13  whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus

14  has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is

15  allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28

16  U.S.C. § 2253.  Where, as here, the Court denies habeas relief on procedural grounds without

17  reaching the underlying constitutional claims, the Court should issue a certificate of appealability

18  "if jurists of reason would find it debatable whether the petition states a valid claim of the denial

19  of a constitutional right and that jurists of reason would find it debatable whether the district court

20  was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a

21  plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

22  reasonable jurist could not conclude either that the district court erred in dismissing the petition or

23  that the petitioner should be allowed to proceed further." *Id.*

24        In the present case, the Court finds that reasonable jurists would not find the determination

25  that the petition should be dismissed debatable, wrong, or deserving of encouragement to proceed

26  further.  Therefore, the Court declines to issue a certificate of appealability.

27  / / /

28  / / /

Accordingly,

1.     The findings and recommendations issued on January 18, 2024, Doc. 5, are adopted in full;

2.     Petitioner's request to withdraw, Doc. 12, his motion to vacate, Doc. 11, is granted;

3.     The petition for writ of habeas corpus is dismissed;

4.     The Clerk of Court is directed to enter judgment and close the case; and

5.     The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   January 21, 2025

UNITED STATES DISTRICT JUDGE